CALEB WILMANS *et al.*, plaintiffs in error, *v.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF ILLINOIS, defendants in error.

*Error to Gallatin.*

| 6 | 667 |
|---|---|
| 143 | 504 |
| 6 | 667 |
| 60a | 591 |
| 6 | 667 |
| 164 | 342 |
| 6 | 667 |
| 92a | ²180 |
| 6 | 667 |
| 190 | ²389 |

The extension of the charter of the Bank of Illinois by the legislature in 1835, was not in conflict with the Constitution.

The question of forfeiture of a charter cannot be examined in a collateral manner, a writ of *Quo Warranto* being the proper mode.

In an action of debt, the judgment should not be entered for an aggregate sum, including the debt, interest and damages, without distinguishing the amount of either.

The Supreme Court will render such a judgment as should have been rendered in the Circuit Court, where the proper amount can be ascertained.

DEBT, in the Gallatin Circuit Court, brought by the defendants in error against the plaintiffs in error. The defendants filed four pleas, all in substance denying the corporate existence of the plaintiffs below, to which there was a general demurrer, at the October term 1844, the Hon. Walter B. Scates presiding. The demurrer was sustained by the Court below, and a judgment rendered on the demurrer for debt and damages jointly.

*W. H. Stickney,* for the plaintiffs in error, submitted a written argument, based on the following points:

I. The Territorial legislature had no power to create a bank. See Ordinance of Congress, 1787.

II. If it had, the continuation by Act of 12th February, 1835, was unconstitutional. See Territorial Act of 1816.

III. If not, yet any material alteration made it a new bank. 1 Greenl. 79; 1 Peters' Dig. 606; 3 do. 571, 573.

IV. The Act of 1837 altered every material feature of the old Bank, and the plea of defendants is, that the note was given to plaintiffs below after the Act of 1837. See Bac. Abr. D. C. 638; 2 Mason's C. C. R. 37.

V. Suspension of specie payments forfeited their charter.

VI. The judgment is·erroneous. *Stevens* v. *Dunbar*, 1 Blackf. 56; *Jones* v. *Lloyd*, Bre. 174; *Lyon* v. *Barney*, 1 Scam. 387; *Jackson* v. *Haskell*, 2 do. 565; 2 Tidd's Pr. 870, 872, 879, 931.

*G. P. Koerner*, for the defendants in error:

The Territorial legislature, under the provisions of the Ordinance of 1787, had the right to create a bank. It was to judge what laws were necessary for the " good government" of the district. The present case is stronger than that of the United States Bank.

If, however, the charter was void, it has been made valid by the Constitution. This position is sustained by the decisions of this Court in regard to indentures and registries of negroes and mulattoes.

It is suggested, that the charter became part of the Constitution, and no subsequent State legislature could interfere with it. But a contrary opinion is held by the Court in *Sarah* v. *Borders*, 4 Scam. 341, 350.

Their main reliance is, however, that the Constitution itself prohibited the Legislature from reviving or extending the Bank charter. But the Constitution of the State is not a grant of legislative power, (which is inherent in the people and their representatives,) but a limitation. It is not the source of legislative power, but a self-imposed check on such power. *Fletcher* v. *Peck*, 2 Peters' Cond. R. 317; *Field* v. *The People*, 2 Scam. 130; *Edwards* v. *Pope*, 4 do. 469.

The Constitution will not be extended beyond its express and obvious language, for the purpose of annulling legislative action. What it does not *expressly* prohibit, may be done by the legislature. The Constitution has not expressly prohibited the legislature from moulding, reviving, or continuing the Territorial charters.

The act of 1837 did not create a *new* bank. A corporation may be continued, or revived with the old set of corporators, or a new set, and, at the same time, new powers may be superadded. Angell & Ames on Corporations, 512, § 7, and authorities there cited.

The charter of any corporation, with the consent of the corporators, may be altered in its most essential features. 1 U. S. Dig. 555, §45; *Kennebeck Bank* v. *Richardson*, 1 Greenl. 79; *The People* v. *Manhattan Co.*, 9 Wend. 351.

If the grant had operated as a new creation, the new corporation could not have been subject to the liabilities of the old. The Bank was held liable for responsibilities occurred before January 1, 1837. Apply this liability, or non-liability as a test, and it follows, that there was no *new* creation. Angell and Ames on Corp. before cited; 3 Burrows, 1866; 3 T. R. 241; 4 Cowen, 87; *Wyman* v. *Hall. and Aug. Bank*, 14 Mass. 58.

In regard to construction of our Constitution, two principles must prevail:

1. An exposition of the Constitution, made by the several departments and functionaries of government, must prevail, unless it can be clearly shown to be founded in error. *Field* v. *The People*, 2 Scam. 79, 81; see, also, the action of the Legislature and Council of Revision, Feb. 12, 1835; Feb. 28, 1837; March 4, 1837; July 21, 1837; Acts of 1838-9, 1840-1; Feb. 25, 1843; March 3, 1843; *The People*, ex rel. *Stickney* v. *Marshall*, *post*, 672.

2. In doubtful cases, the Court will not annul the laws of the Legislature. Ex parte *McCollum*, 1 Cowen, 564; *Dartmouth College* v. *Woodward*, 4 Wheat. 625; *Phoebe* v. *Jay*, Bre. 209; 3 Dallas, 394; 2 Cond. 317; 1 U. S. Dig. 553, §1; *Sawyer* v. *The City of Alton*, 3 Scam. 127.

Wilmans v. Bank of Illinois.

A private citizen cannot allege the forfeiture of a charter as a cause for avoiding his obligation contracted under the charter. A forfeiture must be judicially ascertained. The government creating it can alone institute proceedings. Angell & Ames on Corp. 510, §5; 4 Johns. Ch. R. 370, 373; 5' do. 377, 381; 19 Johns. 474; *Trustees of Vernon* v. *Hills,* 6 Cowen, 26; *Bayless* v. *Orne,* 1 Freeman's Ch. R. 161; *Bank of Hamilton* v. *Dudley's Lessee,* 2 Peters, 522; *Dawson* v. *Shaver,* 1 Blackf. 206; *Holden* v. *James,* Adm'r, 11 Mass. 396; *Field* v. *The People,* 2 Scam. 81.

Banks are private corporations. Ang. & Ames on Corp. 8, 21, 22; 2 Kent's Com.; 4 Wheat. 668; 3 McCord, 377; 9 Wheat. 907.

The objection to the form of the judgment is purely technical. The Court can render such a judgment here, as should have been rendered in the Court below. Such is the frequent practice.

The Opinion of the Court was delivered by

WILSON, C. J. This is an action brought by the Bank of Illinois against the defendants below, upon a note given to the Bank for money loaned in the ordinary course of business. Judgment was rendered by the Court below against the defendants, from which judgment they have appealed, and rely upon three grounds for its reversal:

*First,* That the Act of 1835, by which the charter of the Bank was renewed for twenty years, was in violation of the Constitution of the State;

*Second,* That the Bank had violated, and consequently forfeited, its charter by the suspension of specie payments; and,

*Third,* That the judgment is erroneous, being entered for an aggregate amount of debt and damages, without distinguishing the amount of each.

The first point relied upon has already been decided by this Court, in the case of *The People* on the relation of *Stickney* v. *Marshall,* ( *post.* 672.) In that case, the constitutional question in relation to the renewal of the charter of the Bank

was fully considered, and it was decided by this Court, that the extending the charter of the Bank was not in conflict with the Constitution; and, as we are still satisfied with the opinion expressed in that case, it must be considered decisive of this point.

The second plea we regard as equally unavailing. The defence attempted to be set up by it, cannot be made in this collateral way. The proper manner of trying the question as to the forfeiture of the charter of the Bank, because of the suspension, or refusal of specie payments, is by a writ of *quo warranto*.

The third objection, however, which applies to the judgment, is well taken. The judgment is entered for an aggregate sum, including the debt, interest, and damages, without distinguishing the amount of either. This is improper, and for this reason the judgment below must be reversed. But as we can ascertain in this case, what judgment ought to have been rendered by the Court below, it is competent for this Court to enter that judgment here, without subjecting the party to the expense of remanding the case for that purpose.

The judgment of the Circuit Court is reversed with the cost of this appeal, and judgment will be entered in this Court in favor of the appellees for five hundred and ninety five dollars debt, and one hundred and fifty five dollars and sixty nine cents damages, with the costs of the Court below.

*Judgment reversed.*